UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAMAR TAYLOR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 4:21CV75 JCH |
| | ) |
| AMERICAN FAMILY MUTUAL | ) |
| INSURANCE COMPANY, S.I., | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed January 29, 2021. (ECF No. 9). By way of background, on December 28, 2020, Plaintiff Lamar Taylor filed his Petition against Defendant American Family Mutual Insurance Company, S.I., in the Circuit Court of St. Louis County, Missouri. (Petition, ECF No. 5 (hereinafter "Complaint" or "Compl.")). In his Complaint, Plaintiff alleges that on November 5, 2020, he was involved in a motor vehicle collision with an uninsured motorist, during which the uninsured motorist was at fault. (Compl., ¶ 4). Because the other vehicle involved in the accident was not covered by a liability insurance policy on the date of the incident, Plaintiff asserts personal injuries as uninsured motorist claims against his own automobile liability insurance policy, which was issued by Defendant and allegedly in full force and effect on the date of the collision. (*Id.*, ¶ 5). Plaintiff claims Defendant has refused to comply with the terms of the policy, and that said failure constitutes vexatious refusal to pay under Mo. Rev. St. § 375.420. (*Id.*, ¶ 10). In his prayer for relief, Plaintiff seeks "judgment against Defendant in a sum to be found reasonable by a jury upon trial of this case, costs of this action, and for such other and further relief as the Court deems just and proper in the circumstances." (*Id.*, P. 3).

On January 20, 2021, Defendant removed this action to the United States District Court for the Eastern District of Missouri, claiming diversity jurisdiction pursuant to 28 U.S.C. §1332. (Defendant's Notice of Removal, ECF No. 1).  On January 29, 2021, Plaintiff filed the instant Motion to Remand, in which he stipulated that the amount in controversy between the parties, exclusive of interest and costs, was less than $75,000.00.  (ECF No. 9).  Specifically, Plaintiff asserted as follows:

> 2. Plaintiff purchased a policy of automobile liability insurance from Defendant which contained uninsured motorist coverage limits of $25,000.00.  Plaintiff alleges (and believes that Defendant so stipulates) that Plaintiff is entitled to stack two vehicles which, therefore, constitutes a principal claim of $50,000.00.
>
> 3. Plaintiff filed a statutory vexatious refusal to pay claim in addition to his contract claim under his policy of insurance.  The statutory recovery for vexatious refusal awards is fifteen percent (15%) of the principal amount plus legal fees.  Plaintiff stipulates that, at the trial of this case, he will limit any claim to legal fees in this case so that together with the statutory penalty of fifteen percent (15%), Plaintiff's recovery will be capped at $74,999.00.

(*Id.*).  Plaintiff attached to his motion an Affidavit in Support, in which Plaintiff's attorney certified to the Court and Defendant that he had the authority to stipulate to the facts set forth in Plaintiff's motion.  (*See* ECF No. 9-1).

## DISCUSSION

The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction.  *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).  The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand.  *Corlew v. Denny's Restaurant, Inc.*, 983 F.Supp. 878, 880 (E.D. Mo. 1997).

"Where state law prohibits a plaintiff from specifying in the complaint the amount of damages sought, the removing party must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000."  *Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968,

at *2 (W.D. Mo. Sep. 26, 2005) (citation omitted). "If the Defendants satisfy their burden of proving by a preponderance of the evidence that the amount-in-controversy is greater than the jurisdictional amount, the Plaintiff can defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount." *Id.* (citation omitted).

"Although the amount-in-controversy is determined at the time the action is commenced in federal court and *subsequent* stipulations cannot deprive the court of jurisdiction, where, as here, the original state court petition is unclear as to the actual amount, the Western District of Missouri has determined that a stipulation as to the amount sought by plaintiff *at the time of removal* does not violate the principle and strikes a balance between the right of plaintiff to choose a forum and the right of a defendant to remove." *Slavin v. State Farm Mut. Auto. Ins. Co.*, No. 4:05CV1968 MLM, 2005 WL 3274337, at *2 (E.D. Mo. Dec. 2, 2005) (emphasis in original) (citing *Workman v. Kawasaki Motors Corp., USA*, 749 F.Supp. 1010 (W.D. Mo. 1990)); *see also Neighbors*, 2005 WL 2346968, at *3 (emphasis in original) (citation omitted) ("[P]ost-removal affidavits may be considered to the extent that they *clarify*, rather than amend, the original pleading."). Several courts in this district have adopted the *Workman* approach, and permitted remand when plaintiffs stipulate they are seeking less than the jurisdictional amount. *See, e.g., Yarovinski v. Heartland Exp. Inc. of Iowa*, No. 4:05CV1953 DDN, 2006 WL 146222, at *2-3 (E.D. Mo. Jan. 19, 2006); *Slavin*, 2005 WL 3274337, at *3.

Upon consideration, this Court finds the above approach to be the correct one. "A binding stipulation by plaintiff filed both in state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000 exclusive of interest and costs protects both plaintiff and defendant and allows the court to find with legal certainty that the amount in controversy *at the time of removal* did not and does not exceed $75,000 exclusive of interest and costs." *Slavin*, 2005 WL 3274337, at *3 (emphasis in original).

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 9) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the County of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file in state court the Motion to Remand and accompanying Affidavit in Support (ECF Nos. 9, 9-1) filed in this Court.

Dated this 19th Day of February, 2021.

                                                   /s/ Jean C. Hamilton
                                                   UNITED STATES DISTRICT JUDGE